# **Exhibit A**

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                          SUPERIOR COURT
                                                     CIVIL ACTION

                                                     NO. 1982CV00275

Marion E. Coutts , *Plaintiff(s)*

v.

Senior Operations, LLC d/b/a
Senior Aerospace Metal Bellows , *Defendant(s)*

### SUMMONS

To the above-named Defendant: Senior Operations, LLC d/b/a Senior Aerospace Metal Bellows

You are hereby summoned and required to serve upon David O. Scott, Esquire plaintiff's attorney, whose address is 905B South Main Street, Suite 202C, Mansfield, MA 02048, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, JUDITH FABRICANT, Esquire , at Mansfield, MA the 7th

day of May , in the year of our Lord two thousand and nineteen

*Clerk.*

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

A true copy Attest:
5/22/19 Deputy Sheriff Suffolk County

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................, 20     , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

................................................................................................................................................

................................................................................................................................................

................................................................................................................................................

Dated:                          , 20      ........................................................................................

N.B.  TO PROCESS SERVER:-
      PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
      THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON
      DEFENDANT.

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT
CIVIL ACTION
NORFOLK, ss.
NO. ........................, *Plaintiff*
v.
........................, *Defendant*
SUMMONS
(Mass. R. Civ. P.4)

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): Marion E. Coutts | COUNTY |
|---|---|
| ADDRESS: 26 Sumpter Street  Brockton, MA 02302 | Norfolk |
| | DEFENDANT(S): Senior Operations, LLC d/b/a Senior Aerospace Metal Bellows |
| ATTORNEY: David O. Scott, Esquire | |
| ADDRESS: 905B South Main, St., #202C  Mansfield, MA 02048 | ADDRESS: 1075 Providence Highway  Sharon, MA 02067 |
| BBO: 449165 | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?    ☐ YES  ☒ NO

Is this a class action under Mass. R. Civ. P. 23?    ☐ YES  ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............................................................................................................. $_____
   2. Total doctor expenses ............................................................................................................... $_____
   3. Total chiropractic expenses ...................................................................................................... $_____
   4. Total physical therapy expenses .............................................................................................. $_____
   5. Total other expenses (describe below) ..................................................................................... $_____
   Subtotal (A): $_____

B. Documented lost wages and compensation to date ................................................................... $107,000.00
C. Documented property damages to date ..................................................................................... $_____
D. Reasonably anticipated future medical and hospital expenses ................................................. $_____
E. Reasonably anticipated lost wages ............................................................................................. $_____
F. Other documented items of damages (describe below) ...emotional distress................................ $150,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Plaintiff was wrongfully terminated from employment and suffered discriminatory treatment

TOTAL (A-F): $257,000.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $_____

Signature of Attorney/ Unrepresented Plaintiff: X /s/ David O. Scott    Date: Feb. 26, 2019

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/ David O. Scott    Date: Feb. 26, 2019

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                                       SUPERIOR COURT DEPARTMENT

| | |
|---|---|
| *MARION E. COUTTS,*<br>*Plaintiff* <br><br>v. <br><br>*SENIOR OPERATIONS, LLC d/b/a*<br>*SENIOR AEROSPACE METAL BELLOWS*<br>*Defendant* | )<br>)<br>)<br>)<br>)  Civil Action No. 1982CV00275<br>)<br>)<br>)<br>)<br>) |

## *COMPLAINT AND REQUEST FOR JURY TRIAL*

### *INTRODUCTION*

Marion E. Coutts (hereinafter "Plaintiff" or "Coutts") alleges that as an employee of Senior Aerospace Metal Bellows (hereinafter "Defendant" or "Metal Bellows"), she was wrongfully terminated and that her discharge was illegal, in that the Defendant, through its agents and/or employees, violated provisions of state and/or federal law preventing discrimination in employment based on gender (female); age (y.o.b. 1956); sexual orientation (Lesbian), specifically and respectively, wrongful termination, Massachusetts General Laws c.151B, §1, et seq.

### *PARTIES*

1. The Plaintiff, Marion E. Coutts, is a natural person who resides at 26 Sumpter Street, Brockton, Plymouth County, Massachusetts 02302.

2. The Defendant, Senior Operations, LLC d/b/a Senior Aerospace Metal Bellows is a Foreign Limited Liability Company with a principal place of business at 1075 Providence Highway, Sharon, Norfolk County, Massachusetts 02067.

## FACTS

1. Plaintiff, Marion E. Coutts, was formerly employed as a utility worker/ward support for Senior Operations, LLC d/b/a Senior Aerospace Metal Bellows ("Senior Aerospace") and was hired by Defendant on or about June 5, 1995.

2. Plaintiff believes she was discriminated against because of her sexual orientation (Lesbian), age (over 50 - y.o.b. 1956) and/or gender (female).

3. Plaintiff was terminated on or about August 10, 2016.

4. On or about June 23, 2014, Plaintiff was required to attend a meeting with Cindy Willoth from Human Resources because she was seen smoking an electronic cigarette outside while on her break in an area of the parking lot far away from any buildings and near the woods. Defendant has a policy about smoking cigarettes; however, it did not address electronic cigarettes.

5. During the meeting, Ms. Willoth began screaming at Plaintiff without allowing Plaintiff to offer an explanation and told Plaintiff that, "words mean nothing" or words to that effect, as Plaintiff was attempting to explain. Plaintiff maintains that she was not in violation of the policy as it then existed.

6. Other non-gay, male and/or younger employees regularly would go outside to smoke beyond the intervals of the two sanctioned breaks. Management knew about the violations of the smoking policy and did not provide consistent enforcement of its rules.

7. Plaintiff loved her job and, under duress, wrote a letter to management; however, the letter did not admit to any violations of company policies.

8. On this and other occasions Plaintiff was asked, "Do you know what you did?", or words to that effect. Each time Plaintiff apologized; however, she was required to write a letter of apology, which she did, to preserve her employment with Defendant.

9. An incident occurred in June, 2016 concerning two fellow employees, Argentina (female) and Frank (male), wherein Plaintiff had trained Frank in certain functions, but not in welding. Frank confided to Plaintiff that he was having a hard time learning to weld. At that time, Argentina was training Frank to be a welder. Plaintiff told Frank to "just hang in there because some people need time", or words to that effect, in order to

be supportive. Plaintiff also told Frank to take notes so that he could learn, rather than having to constantly inquire of Argentina. In response, Argentina said to Plaintiff, "that's discrimination", or words to that effect. Plaintiff then apologized to Argentina prior to meeting with a manager, John DaSilva, when she proactively brought the incident to his attention. His disconcerting response was, "These people are like that - you have to be careful what you say to them", or words to that effect.

10. On July 29, 2016, Plaintiff received her annual Performance Appraisal with an overall rating of "good".

11. On or about August 5, 2016, another female employee from a different cell quit her job with Senior Aerospace for "personal issues". Plaintiff did not have any interactions with this other employee.

12. On August 8, 2016, Plaintiff took a vacation day. When she returned on August 9, 2016, she was approached by a co-worker who informed her that a new trainee had quit the job and that the reason was because workers in her area didn't get along.

13. Plaintiff was told by John DaSilva to report to Cindy Willoth's office. Both John DaSilva and Cindy Willoth were present at the meeting. Plaintiff said that she heard that this other employee had quit and stated, "I feel bad, she was a nice lady. Why am I here? That has nothing to do with me", or words to that effect.

14. Plaintiff had only exchanged greetings with the trainee throughout the trainee's employment. Ms. Willoth replied, "I didn't say it had anything to do with you", or words to that effect. Plaintiff responded, "So why am I here?" or words to that effect. Ms. Willoth stated, "I've been hearing your name mentioned around here a lot lately", or words to that effect. Plaintiff said, "I don't know what you are talking about", or words to that effect. Ms. Willoth said, "That's what scares me about you, you don't remember things", or words to that effect. Further, Ms. Willoth said, "You need to write a letter to keep your job", or words to that effect. Plaintiff asked, "Write the letter for what", or words to that effect. Ms. Willoth responded, "Write a letter on why you want to keep your job", or words to that effect.

15. Plaintiff did not know what she was being accused of, as specific issues were not discussed in the meeting. Plaintiff's job performance was not an issue, as she had just received a favorable performance review two weeks earlier. In fact, Plaintiff was rated overall "very good" or "good" on all her Performance Appraisals from 2010 to 2016 with no mention whatsoever of any interpersonal issues.

16. Because she again was fearful of losing a job she loved, on August 10, 2016, as requested, and after being told that she was "toxic to the company", Plaintiff wrote a letter to John DaSilva apologizing for any wrongdoing on her part and stated that she would "work very hard to resolve any problems she had caused", even though she didn't know what she was apologizing for or how she was toxic to the company.

17. Plaintiff submits that during her tenure with Senior Aerospace, she maintained high professional standards, had excellent performance reviews, and followed company policies, as she understood them.

18. Younger employees and/or male employees and/or non-gay employees who committed worse acts were not disciplined or terminated.

19. Plaintiff believes that Defendant's reasons for her termination were pretextual. Plaintiff was a long-term employee who loved her job, had great rapport with her co-workers and treated others respectfully. Defendant chose to target Plaintiff after 2011 for false discipline and, ultimately, her termination.

## COUNT I - VIOLATION OF MASSACHUSETTS ANTI-DISCRIMINATION LAWS (MASSACHUSETTS GENERAL LAWS CHAPTER 151B)

20. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 19 and restates and incorporates them by reference herein.

21. Plaintiff, at all relevant times, was a member of three protected groups (gender - female) (sexual orientation - Lesbian), and age (age - over 40 years old), under Massachusetts Chapter 151B, §1, et seq.

22. At all relevant times, Plaintiff was qualified to perform the essential functions of her job as a female, as a Lesbian and an older employee.

23. Plaintiff was subjected to adverse actions by her employer (disciplined and/or terminated).

24. Other employees not within the protected groups similarly situated were not disciplined as harshly or at all nor terminated.

25. As a result of its actions, Defendant illegally discriminated against Plaintiff based on gender, sexual orientation and age, in removing her from her position as a utility worker/ward support.

26. As a result of its actions, Plaintiff has suffered physically and mentally, has lost wages and benefits and has incurred attorney's fees and costs.

**Wherefore,** Plaintiff seeks damages in an appropriate amount from Defendant, together with appropriate and reasonable attorney's fees and costs.

## *COUNT II - WRONGFUL TERMINATION*

27. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 26 and restates and incorporates them by reference herein.

28. Defendant wrongfully terminated Plaintiff by alleged reasons which were deceitful, false and pretextual, which allowed Defendant to discriminate at will against Plaintiff.

**Wherefore,** Plaintiff seeks damages in an appropriate amount from Defendant, together with appropriate and reasonable attorney's fees and costs.

## *COUNT III - LACK OF GOOD FAITH AND FAIR DEALING*

29. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 28 and restates and incorporates them by reference herein.

30. Defendant is falsely accusing Plaintiff of misconduct and in treating Plaintiff unfairly, has violated the covenants of good faith and fair dealing in employment.

**Wherefore,** Plaintiff seeks damages in an appropriate amount from Defendant, together with appropriate and reasonable attorney's fees and costs.

*REQUEST FOR JURY TRIAL*

Plaintiff requests a trial by jury on all issues so triable under law.

>The Plaintiff,
>Marion E. Coutts,
>By Her Attorney,
>
>_____
>DAVID O. SCOTT, ESQUIRE
>B.B.O. NO. 449165
>LAW OFFICE OF DAVID O. SCOTT, LLC
>905B SOUTH MAIN STREET, SUITE 202C
>MANSFIELD, MASSACHUSETTS 02048
>TELEPHONE (508) 261-9777
>FACSIMILE (508) 261-9776
>E-MAIL: DSESQ@AOL.COM
>DATED: February 26, 2019

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1982CV00275 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Marion E Coutts vs. Senior Operations, LLC Doing Business as Senior Aerospace Metal Bellows | | Walter F. Timilty, Clerk of Courts |
| TO: David O Scott, Esq. Law Office of David O. Scott, LLC 905B South Main St Suite 202C Mansfield, MA 02048 | | COURT NAME & ADDRESS Norfolk County Superior Court 650 High Street Dedham, MA 02026 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/29/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 06/28/2019 | |
| All motions under MRCP 12, 19, and 20 | 06/28/2019 | 07/29/2019 | 08/27/2019 |
| All motions under MRCP 15 | 06/28/2019 | 07/29/2019 | 08/27/2019 |
| All discovery requests and depositions served and non-expert depositions completed | 12/26/2019 | | |
| All motions under MRCP 56 | 01/24/2020 | 02/24/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 06/22/2020 |
| Case shall be resolved and judgment shall issue by | | | 03/01/2021 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED 02/28/2019 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 02-28-2019 11:17:37                                        SCV026\ 08/2018

# **Exhibit B**

 

**William Francis Galvin**
Secretary of the Commonwealth of Massachusetts

# Corporations Division

## Business Entity Summary

**ID Number: 000983877**            Request certificate    New search

**Summary for:  SENIOR OPERATIONS LLC**

| | |
|---|---|
| **The exact name of the Foreign Limited Liability Company (LLC):**   SENIOR OPERATIONS LLC |
| **Converted from** SENIOR OPERATIONS INC. **on** 08-08-2008 |
| **Entity type:**   Foreign Limited Liability Company (LLC) |
| **Identification Number:** 000983877 |
| **Date of Registration in Massachusetts:** 08-07-2008 |
| **Last date certain:** |
| **Organized under the laws of: State:** DE **Country:** USA **on:** 06-30-2008 |
| **The location of the Principal Office:** <br> Address:  300 E. DEVON AVE. <br> City or town, State, Zip code, Country:       BARTLETT,   IL   60103   USA |
| **The location of the Massachusetts office, if any:** <br> Address:  1075 PROVIDENCE HIGHWAY <br> City or town, State, Zip code, Country:       SHARON,   MA   02067   USA |
| **The name and address of the Resident Agent:** <br> Name:     C T CORPORATION SYSTEM <br> Address:  155 FEDERAL ST., STE. 700 <br> City or town, State, Zip code, Country:       BOSTON,   MA   02110   USA |
| **The name and business address of each Manager:** |

| Title | Individual name | Address |
|---|---|---|
| MANAGER | MICHAEL W. SHEPPARD | 300 E. DEVON ST. BARTLETT, IL 60103 USA |
| MANAGER | AMY LEGENZA | 300 E DEVON AVE BARTLETT, IL 60103 USA |
| MANAGER | DAVID MONAGHAN | 301 GRANT ST 20TH FLR PITTSBURGH, PA 15219 USA |
| MANAGER | BINDI FOYLE | 300 E DEVON AVE BARTLETT, IL 60103 USA |

| | | |
|---|---|---|
| MANAGER | DAVID SQUIRES | 300 E DEVON AVE BARTLETT, IL 60103 USA |

**The name and business address of the person(s) authorized to execute, acknowledge, deliver, and record any recordable instrument purporting to affect an interest in real property:**

| Title | Individual name | Address |
|---|---|---|
| | | |

☐ Consent    ☐ Confidential Data    ☐ Merger Allowed    ☐ Manufacturing

**View filings for this business entity:**

```
ALL FILINGS
Annual Report
Annual Report - Professional
Application For Registration
Certificate of Amendment
Certificate of Cancellation
```

[View filings]

**Comments or notes associated with this business entity:**

[New search]

# **Exhibit C**

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                                                                         SUPERIOR COURT DEPT.

| MARION E. COUTTS, |
| Plaintiff, |
| v. |
| SENIOR OPERATIONS, LLC d/b/a SENIOR AEROSPACE METAL BELLOWS, |
| Defendant. |

Civil Action No. 1982CV00275

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:   Civil Clerk's Office
      Norfolk County Superior Court
      650 High Street
      Dedham, MA 02026

**PLEASE TAKE NOTICE** that a notice of removal in the above action from the Norfolk County Superior Court has been duly filed in the United States District Court for the District of Massachusetts. Attached hereto is a certified copy of that Notice of Removal.

Respectfully submitted,

Senior Operations LLC

By its attorneys,

_____
Andrew C. Pickett (BBO # 549872)
Jeffrey S. McAllister (BBO#676301)
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025
picketta@jacksonlewis.com
jeffrey.mcallister@jacksonlewis.com

Dated:  June 21, 2018

## **CERTIFICATE OF SERVICE**

      This hereby certifies that on this 21st day of June, 2019, a true and accurate copy of the above document was served upon Plaintiff's counsel via first-class mail.

                                                        _____
                                                          Jackson Lewis P.C.